```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

SAM DUFF,                          )
                                   )
    Petitioner,                    ) Civil Action No. 08-cv-248-JMH
                                   )
v.                                 )         **MEMORANDUM OPINION**
                                   )              **AND ORDER**
NANCY DOOM, Warden,                )
                                   )
    Respondent.                    )

                **   **   **   **   **

      This matter is before the Court on the Report and Recommendation of Magistrate Judge James B. Todd. [Record No. 15.] Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Respondent's motion to dismiss. [Record Nos. 1 & 13.] Magistrate Judge Todd has recommended that Respondent's motion to dismiss be granted and that the petition for writ of habeas corpus be denied with prejudice. The time for objections has lapsed and no objections have been filed. This matter is now ripe for review.

      On August 20, 2001, Petitioner was charged with the murder of his wife in Fayette County, Kentucky. Petitioner was convicted by a jury of first-degree manslaughter and sentenced to nineteen years and six months in prison. His final judgment and sentence of imprisonment was entered on August 6, 2002.

      Petitioner appealed his conviction to the Kentucky Court of Appeals. That court affirmed his conviction on all counts. *See*

*Duff v. Commonwealth*, No. 2002-CA-001802-MR, 2003 WL 22872094 (Ky. Ct. App. Dec. 5, 2003).  On February 7, 2005, Petitioner filed a motion to vacate, set aside judgment and sentence, pursuant to Ky. RCr 11.42, in the trial court.  On December 21, 2006, the trial court denied Petitioner's motion, and Petitioner appealed that denial to the Kentucky Court of Appeals.  The Kentucky Court of Appeals affirmed the trial court's denial.  *See Duff v. Commonwealth*, No. 2007-CA-000078-MR, 2008 WL 54787 (Ky. Ct. App. Jan. 4, 2008).  There is no documentation in the record that Petitioner sought review in the Kentucky Supreme Court.[1]  Petitioner signed and mailed his federal habeas petition on February 8, 2008.  It was filed February 11, 2008.

As grounds for his petition, Petitioner states (1) that he had ineffective assistance of counsel at trial, (2) that he was denied the right to testify before the jury during the sentencing phase, and (3) that his sentence was excessive in light of mitigating factors wrongfully not presented to the jury.  Respondent argues that the petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).

The Court has studied the Magistrate Judge's Report and

---

[1] Petitioner asserts in his supporting memorandum that the Kentucky Supreme Court denied discretionary review (Pet'r Mem. at 6).  It is unclear whether Petitioner is referring to an appeal of his conviction or an appeal of the denial of RCr 11.42 relief, and whether either actually occurred.

Recommendation. The Court concurs with Magistrate Judge Todd's finding that Petitioner's federal habeas petition is time-barred under the AEDPA. The Court adopts much of the facts, procedural history, and analysis set forth by the Magistrate as the Court's own. However, the Court takes this opportunity to clarify two areas of analysis.

First, the Report and Recommendation states that there is no indication Petitioner sought discretionary review in the Kentucky Supreme Court. In his supporting memorandum, Petitioner ambiguously asserts that the Kentucky Supreme Court denied discretionary review, but does not support this assertion with documentation or dates. Petitioner's failure to directly appeal his conviction raises concerns that he did not totally exhaust the state court remedies available to him before petitioning for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007) ("unexhausted claims will not be reviewed by a federal court"); *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (exhaustion satisfied when highest court in state in which prisoner was convicted is given full and fair opportunity to rule on petitioner's claims). On the record before the Court, it appears the habeas petition may be dismissed based on Petitioner's failure to exhaust his state court remedies. Respondent did not argue lack of exhaustion. Rather, Respondent focused on the expiration of the statute of limitations.

Petitioner failed to supplement the record on this point or object to the Magistrate's finding.

Second, the Court agrees that the § 2254 petition is time-barred, but for reasons that differ from the Magistrate's.[2] Petitioner's state court conviction became final when the Kentucky Court of Appeals issued its opinion on December 5, 2003. Petitioner then had thirty days to appeal to the Kentucky Supreme Court. Ky. CR 73.02. Pursuant to RCr 1.10(a), the thirty day period began on December 6, 2003, one day after the conviction became final. The time for seeking direct review in the Kentucky Supreme Court expired thirty days later, on January 5, 2004. The record is devoid of proof that Petitioner timely appealed his conviction to the Kentucky Supreme Court.

The AEDPA's one-year statute of limitations runs from the latest of four events, including the date on which a judgment becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). Typically, this means the ninety-day time period for filing a petition for writ of certiorari in the United States Supreme Court. In order to receive the benefit of the ninety-day period in which

---

[2] The Court notes that some of the dates and date calculating rules are misstated in the Report and Recommendation. For example, for some filing deadlines, the start date is the day following the day of the triggering event. Also, when a deadline falls on a weekend day or holiday, that deadline is shifted to the next business day. Finally, Petitioner filed his RCr 11.42 motion on February 7, 2005, twenty days earlier than was stated in the Report and Recommendation.

to seek certiorari, a state prisoner generally must seek review from a state's highest court because the United States Supreme Court may only review a decision of the state's highest court.[3] Sup. Ct. R. 13.  Petitioner is not entitled to the ninety day period to seek review in the United States Supreme Court because he failed to seek timely review in the Kentucky Supreme Court. Therefore, for AEDPA purposes, the judgment became final on January 5, 2004, the last day Petitioner could appeal to the Kentucky Supreme Court.  The AEDPA limitations period started one day after January 5, 2004, the day of the triggering act or event.  Fed. R. Civ. P. 6(a)(1); *see Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (AEDPA statute of limitations starts on day after petition for writ of certiorari was due in Supreme Court).  In this case, Petitioner had from January 6, 2004, to January 6, 2005, to file a federal habeas petition or a tolling collateral action.

Ultimately, Petitioner's habeas petition was untimely. Petitioner signed and mailed his petition on February 8, 2008, and February 11, 2008, respectively.  Using either date, his petition was filed more than three years too late.  Petitioner's RCr 11.42 motion did not toll the habeas limitations period because it was filed on February 7, 2005, thirty-three days after the limitations period had expired.  28 U.S.C. § 2244(d)(2).  The federal habeas

---

[3]  A judgment from a lower state court may be reviewed by the United States Supreme Court if the state's court of last resort denied discretionary review and the petition is timely filed.  Sup. Ct. R. 13.

petition was untimely.

Accordingly, **IT IS ORDERED:**

(1) That the Report and Recommendation of the Magistrate [Record No. 15] be, and the same hereby is, **ACCEPTED IN PART** and **REJECTED IN PART**.  To the extent the Magistrate's analysis differs from the Court's analysis above, it is rejected.  The remaining parts are **ADOPTED** as the Court's own.

(2)  That Respondent's motion to dismiss [Record No. 13] be, and the same hereby is, **GRANTED**.

(3)  That Petitioner's petition for a writ of habeas corpus [Record No. 1] be, and the same hereby is, **DENIED WITH PREJUDICE**.

(4)  That this action be, and the same hereby is, **DISMISSED** and **STRICKEN** from the active docket.

This the 23rd day of March, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge